UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Stephanie Amaral

    v.                                              Civil No. 15-cv-359-JD
                                                Opinion No. 2016 DNH 076
Carolyn W. Colvin,
Acting Commissioner
Social Security Administration

O R D E R

    Stephanie Amaral seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the decision of the Acting Commissioner of the Social Security Administration, denying her application for social security disability benefits after Amaral was awarded supplemental security income.  Amaral moves to reverse and remand the decision, contending that the Administrative Law Judge ("ALJ") erred in failing to call a medical expert to determine Amaral's disability onset date, erred in the weight given to her treating physician's opinion, erred in evaluating her mental health impairments, and erred in assessing Amaral's residual functional capacity.  The Acting Secretary moves to affirm.

Standard of Review

    In reviewing the final decision of the Acting Commissioner in a social security case, the court "is limited to determining

whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The court defers to the ALJ's factual findings as long as they are supported by substantial evidence. § 405(g). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Astralis Condo. Ass'n v. Sec'y Dep't of Housing & Urban Dev., 620 F.3d 62, 66 (1st Cir. 2010).

## Background

Amaral applied for supplemental security income ("SSI"), under Title XVI, and disability insurance benefits ("DIB"), under Title II, on September 9, 2012, when she was fifty-two years old. For purposes of SSI, she was determined to be disabled because of anxiety related disorders and affective/mood disorders beginning on June 1, 2012, but she was not awarded SSI because she had too much income. For purposes of DIB, the agency concluded that she had not been disabled through her last insured date on December 31, 2008.

The administrative record of medical treatment begins in 2004 when Amaral required a physical and mental examination for purposes of her application to be a foster care provider. The

results were normal.  In June of 2005, Amaral was treated at a hospital emergency department for symptoms she associated with anxiety but a CT scan revealed pulmonary emboli in her lungs.  She was admitted to the hospital and was prescribed anticoagulant medication.

Just after she was released from the hospital, on June 13, 2005, Amaral saw her treating physician, Dr. Badman, and reported having difficulty with anxiety.  A week later, Amaral told Dr. Badman that she continued to have anxiety but her medication was very beneficial.  Ten days later, however, Amaral again experienced breakthrough anxiety and began counselling.

In July of 2005, Dr. Badman explained to Amaral that anxiety medication was not a long-term solution and discussed alternatives.  Amaral reported a panic attack to Dr. Badman on July 21, 2005, and he told her to stop the new medication.  Through the remainder of 2005, Dr. Badman's treatment notes show that Amaral was diagnosed with anxiety disorder but that she was doing well on her medication.

The treatment notes in 2006 generally show diagnoses of anxiety disorder and depression.  In September, Dr. Badman noted that Amaral's anxiety was stable.  In 2007, Amaral reported during a neurological examination that she had had severe depression and anxiety but also said that her medication had

done a good job of taking care of her anxiety.  Treatment notes in 2008 are similar and include one report that Amaral felt she was always on the verge of anxiety decompensation.

Two state agency medical experts reviewed Amaral's records in December of 2012.  They found insufficient evidence to assess her condition before December 31, 2008, her last insured date.

In February of 2014, Jeffrey Wagner, Ph.D. conducted a psychological evaluation of Amaral.  He completed a Mental Impairment Medical Source Statement in which he assessed panic disorder, agoraphobia, major depression, attention deficit disorder, and generalized anxiety.  Dr. Wagner found that Amaral was seriously limited in all mental aptitudes and abilities to do unskilled work.  He also found marked limitations in Amaral's activities of daily living, social functioning, and concentration, persistence, and pace.  Dr. Wagner checked a box to show that Amaral's impairments had existed since September of 2003.

Dr. Badman completed a Physical Impairment Medical Source Statement on February 7, 2014.  He indicated diagnoses of anxiety, GERD, TMJ syndrome, lower back pain/degenerative disc disorder, and DVT/pulmonary embolism.  Dr. Badman also indicated that Amaral's limitations had existed since 2005 and would frequently interfere with her attention and concentration.  He

4

found that she could not do even a low stress job and was likely to be absent more than four days per month.

In 2012, Amaral stated in her function report that she was overwhelmed by tasks outside of her house and that her panic attacks frequently caused her to seek care.  She said that she took care of her children with help from her mother.  She also said that she slept little and felt exhausted but that she could take care of household cleaning and pets, attend to appointments, shop, and drive during daylight hours.

A hearing before an ALJ was held on Amaral's application on February 28, 2014.  Amaral testified that she started having severe panic attacks in 2006.  After a near accident, she only drove short distances on back roads.  Amaral and her husband and mother started caring for foster children in 2004 and sometimes had six children in the home.  She adopted three of the foster children and stopped taking foster children in 2011.

The ALJ issued her decision on March 27, 2014, finding that Amaral had not been disabled before her last insured date, December 31, 2008, and that jobs existed that Amaral could do. Amaral sought review by the Appeals Council, which was denied, making the ALJ's decision the final decision of the Acting Commissioner.

Discussion

In support of her motion to reverse and remand the Acting Commissioner's decision, Amaral contends that the ALJ was required by Social Security Ruling ("SSR") 83-20 to consult with a medical expert, that the ALJ improperly assessed Dr. Badman's opinion, that the ALJ relied on her lay knowledge in assessing Amaral's residual functional capacity, and that the ALJ did not follow the Psychiatric Review Technique required by 20 C.F.R. § 404.1520a(e). The Acting Commissioner moves to affirm, arguing that the ALJ properly found that Amaral was not disabled before December 31, 2008.

A.  Medical Expert Consultation

To be eligible for DIB, a claimant must demonstrate, among other things, that she was insured for disability benefits when she became disabled. 42 U.S.C. § 423(a). For that reason, a claimant must have been disabled on or before her last insured date to qualify for DIB. Hughes v. Colvin, 2016 WL 225688, at *1 (D. Me. Jan. 19, 2016). SSI, however, is not dependent on the claimant's insured status. Lennon v. Colvin, 2015 WL 4642827, at *3 n.2 (D.N.H. Aug. 4, 2015).

SSR 83-20, Titles II and XVI: Onset of Disability, 1983 WL 31249, *3 (S.S.A. 1983), provides that the determination of the onset date of disabling impairments "depends on an informed

judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis." As a result, an ALJ must consult a medical advisor when the medical evidence as to the claimant's onset date is ambiguous. Sullivan v. Colvin, 2015 WL 1097404, at *1 (D.N.H. Mar. 11, 2015).

Amaral contends that because she was found to be disabled as of September 9, 2012, for purposes of SSI, the onset date of her disability is ambiguous and the ALJ was required under SSR 83-20 to consult a medical advisor to make that determination. The Acting Commissioner argues that SSR 83-20 does not apply because the medical evidence before December 31, 2008, Amaral's last insured date, is not ambiguous. Instead, the Acting Commissioner asserts, the contemporaneous medical evidence shows that Amaral was not disabled by anxiety or affective disorders before her last insured date.

"[A]n ALJ need not consult a medical advisor if the record provides unambiguous evidence that the claimant did not become disabled as of the date last insured." Fischer v. Colvin, 2014 WL 5502922, at *6 (D.N.H. Oct. 30, 2014). Evidence is unambiguous, however, "only if 'no legitimate basis [in the record] can support an inference of disability' as of the date last insured." Id. (quoting Mason v. Apfel, 2 F. Supp. 2d 142, 149 (D. Mass. 1998)). Otherwise, an ALJ must consult a medical

7

advisor to determine whether a claimant was disabled as of her last insured date. Fischer, 2014 WL 5502922, at *6.

Amaral's medical records prior to her last insured date, December 31, 2008, document diagnoses for anxiety and depression and ongoing issues related to anxiety and depression. Dr. Badman, who treated Amaral since at least 2005 and continued to treat her through the time of the hearing, stated that Amaral's disabling limitations due to anxiety and depression had existed since 2005. Further, the two agency doctors who reviewed Amaral's records in 2012 concluded that the medical records prior to December 31, 2008, were insufficient to determine whether she was disabled. As such, the record is ambiguous as to whether Amaral was disabled before her last insured date.

Although the ALJ interpreted those records to show that Amaral was not disabled prior to December 31, 2008, that was not allowed under SSR 83-20. Instead, the ALJ was required to consult a medical advisor to determine the onset date of Amaral's disability. Therefore, the case must be remanded for further administrative proceedings.

B.  Remaining Issues

Because the case will be remanded, it is not necessary to address the issues Amaral raises about the ALJ's evaluation of

Dr. Badman's opinion, the residual functional capacity assessment, or the ALJ's Psychiatric Review Technique.

## Conclusion

For the foregoing reasons, the claimant's motion to reverse and remand (document no. 9) is granted.  The Acting Commissioner's motion to affirm (document no. 10) is denied.

The case is remanded pursuant to Sentence Four of § 405(g).

SO ORDERED.

                                    _____
                                    Joseph DiClerico, Jr.
                                    United States District Judge

April 4, 2015

cc:   Laurie Smith Young, Esq.
      Michael T. McCormack, Esq.